**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHARLES K. JOHNSTONE JR., | ) | CASE NO. 1:11CV2053 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| RICH GANSHEIMER, | ) | MEMORANDUM OF OPINION |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court on Petitioner Charles K. Johnstone Jr.'s Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF #1). For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation, and denies Petitioner's Petition.

## **FACTS**

The following is a factual synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation, adopted and incorporated, provides a more complete and detailed discussion of the facts.

1

Petitioner was indicted on June 3, 2008 by a Cuyahoga County Grand Jury for three counts of Aggravated Robbery, one count of Kidnapping, and two counts of Felonious Assault, each with one and three year Firearm Specifications.  Subsequent to a jury trial, Petitioner was acquitted of one of the Felonious Assault charges, and all Firearm Specifications, but found guilty of the remaining counts.  Petitioner was sentenced on February 18, 2009 to an aggregate term of eight years.  Petitioner filed a timely Notice of Appeal.  The Court of Appeals affirmed the conviction.   Petitioner appealed that decision to the Supreme Court of Ohio.  On Sept. 29, 2010, the Ohio Supreme Court denied leave to appeal, and dismissed the Appeal as not involving any substantial constitutional question.

On September 28, 2011, Petitioner filed the instant Petition asserting the following Grounds for relief:

> **GROUND ONE:** The state co[u]rts decision with prejudice, erroneously found petitioners conviction to be supported by sufficiency of the evidence in determining manifest weight of the evidence in violation of due process.
>
> **GROUND TWO:** The adjudication of petitioners motion to suppress eyewitness identification at trial was a violation of due process permitting a fundamentally unreliable identification.
>
> **GROUND THREE:** Petitioner was denied effective assistance of counsel guaranteed by Article I Section 10 of the Ohio Constitution and the 6th and 14th Amendments to the United States Constitution.

On November 29, 2011,  this Court referred Petitioner's Petition to the Magistrate Judge for a Report and Recommendation.  The Magistrate Judge issued his Report and Recommendation on March 22, 2013.  On April 22, 2013, Petitioner filed Objection to Magistrate's Report and Recommendation.

2

## STANDARD OF REVIEW

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004). Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

## ANALYSIS

The Magistrate Judge found that the wording in Ground One was not clear whether Petitioner is asserting a claim of insufficiency of the DNA evidence, or manifest

3

weight of the DNA evidence. However, since Petitioner states in his Traverse that his conviction is based on insufficient evidence, the Magistrate Judge determined that Ground One is a claim of insufficiency of the evidence. Respondent contends that since Petitioner's direct appeal was argued, and decided, under a manifest weight of the evidence standard, not as a sufficiency of the evidence claim, this claim was not properly raised in state court.

The Court agrees with the Magistrate Judge that Ground One is procedurally defaulted. The Sixth Circuit has held that "the doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998; ) see also *Brandon v. Stone*, No. 06-5284, 2007 WL 786330, at *1 (6th Cir. March 15, 2007) (*citing Williams v. Bagley*, 380 F.3d 932, 969 (6th Cir. 2004)). Any issues which were not fairly presented to the state courts cannot be considered here. *Baldwin v. Reese,* 541 U.S. 27, 29 (2004; ) *Jacobs v. Mohr*, 265 F.3d 407, 415 (6th Cir. 2001).

The Magistrate Judge correctly points out that although Petitioner later attempted to raise an insufficiency claim in his appeal to the Supreme Court of Ohio, that court will not consider a constitutional question which was not raised and argued in the lower courts*. Leroy v. Marshall*, 757 F.2d 94, 99 (6th Cir.), cert. denied, 474 U.S. 831 (1985; ) *Adams v. Bradshaw*, 484 F.Supp.2d 753, 769 (N.D. Ohio 2007; ) *City of Wooster v. Graines*, 52 Ohio St.3d 180, 185, 556 N.E.2d 1163, 1168 (1990) (citing cases); *State v. Phillips*, 27 Ohio St.2d 294, 302, 272 N.E.2d 347, 352 (1971). Petitioner can no longer raise this claim in state court, as it would be barred on the

basis of res judicata. *Leroy*, 757 F.2d at 99. The Court further finds that Petitioner has failed to demonstrate cause and prejudice to excuse his default.

In Ground Two, Petitioner contends that the trial court should have suppressed the eyewitness identification because the photo array was unduly suggestive. The Court of Appeals found that the trial court had erred in denying the Motion to Suppress, but that the error was harmless. The Court of Appeals further found that the record contained overwhelming evidence of Petitioner's guilt, notwithstanding the identification testimony.

The Magistrate Judge correctly determined that the Court of Appeals relied on the United States Supreme Court instruction to courts to consider the following factors when determining reliability: "the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation * * *." *Neil v. Biggers* (1972), 409 U.S. 188, 199-200, 93 S.Ct. 375, 34 L.Ed.2d 401.

Therefore, the Court must determine whether the state court's decision involved an unreasonable application of clearly established federal law. The state court's decision can not be found unreasonable simply because this court would consider the state decision to be erroneous or incorrect. Rather, the court must determine that the decision is an objectively unreasonable application of federal law. *Williams*, 529 U.S. at 410-12; *Lorraine v, Coyle*, 291 F.3d 422 (6th Cir.2002).

The Court of Appeals applied the *Biggers* factors, and found that the identification procedure was unreliable. It then proceeded to apply a harmless error

5

review. A trial court's rulings on identification issues are subject to "harmless error" review. See, e.g., *Moore v. Illinois*, 434 U.S. 220 (1977). The Court of Appeals considered the witness' testimony, the DNA evidence and the witness' general description to determine that the jury would have found Petitioner guilty even without the identification testimony.

In Petitioner's Objections, he asserts that he cannot be conclusively put at the scene of the crime without the unreliable photo array evidence. He further asserts that the DNA evidence collected from the cigarette that was discarded in the back seat of the victim's vehicle is not enough to lead to the conclusion reached by the Court of Appeals. The Court of Appeals thoroughly addressed the witness' testimony that he was clearly able to identify Petitioner. Also, the police recovered the cigarette with Petitioner's DNA immediately following the incident, after the witness indicated it was dropped by one of his assailants. The Court agrees with the Magistrate Judge that the Court of Appeals conclusion that the jury would have found Petitioner guilty without the photo array was not an objectively unreasonable application of federal law. Therefore, Ground Two is without merit.

In Ground Three, Petitioner alleges ineffective assistance of counsel at trial because counsel did not offer expert witness testimony regarding witness identification. Respondent contends that Petitioner has procedurally defaulted this claim because he did not raise it in his appeal to the Ohio Supreme Court.

A habeas claim may be procedurally defaulted in two distinct ways. First, by failing to comply with state procedural rules. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986)). Second, by

failing to raise a claim in state court, and to pursue the claim through the state's ordinary review process. *Williams*, 460 F.3d at 806 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)).

The Magistrate Judge points out that Petitioner did raise this claim in his direct appeal, but in his Supreme Court appeal he focused on counsel's ineffective assistance at the suppression hearing. To satisfy the exhaustion requirement, a habeas petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The exhaustion requirement is satisfied when the highest court in the state has been given a full and fair opportunity to rule on the petitioner's claims. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994) (citing *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990)).

Petitioner failed to raise the issue of ineffective assistance of counsel with the Ohio Supreme Court with respect to witness identification. Therefore, this claim was not exhausted. The Court agrees with the Magistrate Judge's determination that Petitioner has failed to establish cause and prejudice to excuse the procedural default. Therefore, the Court finds that Ground Three is denied as procedurally defaulted.

For the foregoing reasons, the Court finds the Magistrate Judge's Report and Recommendation accurately and thoroughly addresses Petitioner's arguments. The Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's well-reasoned Report and Recommendation and denies Petitioner's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody.

The Court finds an appeal from this decision could not be taken in good faith. 28

U.S.C. § 1915 (a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

       IT IS SO ORDERED.

Date:4/29/2013
                                      <u>s/Christopher A. Boyko</u>
                                      CHRISTOPHER A. BOYKO
                                      United States District Judge